JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  EDCV 13-2089-JLS (DTBx)　　　　　　　　　Date:  January 29, 2014
Title:  Melchor S. Pineda, et al. v. Mortgage Electronic Registration Systems, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

　Terry Guerrero　　　　　　　　　　　　　　　　　　N/A
　Deputy Clerk　　　　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　ATTORNEYS PRESENT FOR DEFENDANT:
　Not Present　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS)  ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 9) AND (2) REMANDING CASE TO THE SUPERIOR COURT OF THE COUNTY OF RIVERSIDE**

　　　Before the Court is a motion to dismiss filed by Defendant Mortgage Electronic Registration Systems, Inc.  (Mot., Doc. 9, "Motion.")  Plaintiffs Melchor and Rosemary Pineda opposed the Motion, (Opp'n, Doc. 20), and Defendant replied (Doc. 22.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing on the Motion, set for January 31, 2014, at 2:30 p.m., is VACATED.  For the reasons set forth below, the Court GRANTS IN PART the Motion.  The federal claim is DISMISSED WITH PREJUDICE, and the case is REMANDED to the Superior Court of the County of Riverside, case number MVS1303720.

**I.　Background**

　　　In 2007, Plaintiffs obtained a loan from Altura Credit Corporation to purchase property located at 6046 Ropewalk Lane, Riverside, California ("Property").  (Compl.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: EDCV 13-2089-JLS (DTBx)             Date: January 29, 2014
Title: Melchor S. Pineda, et al. v. Mortgage Electronic Registration Systems, Inc.

Doc. 1 Ex. 1; Req. for Judicial Notice, Ex. 1 ("Deed of Trust"), Doc. 10-1.)[1] The recorded Deed of Trust names "Mortgage Electronic Registration Systems, Inc." as the "nominee for Lender and Lender's successors and assigns." (Deed of Trust at 1-2.) On December 21, 2012, in its capacity as nominee for Altura, Mortgage Electronic Registration Systems, Inc. assigned the Deed of Trust to SunTrust Mortgage, Inc. (Corporate Assignment Deed of Trust.)

On October 15, 2013, Plaintiffs filed an action against Defendant in the Superior Court of California, County of Riverside. (Compl.) Plaintiffs allege that Defendant is a "BARRED corporation" and "[b]arred entities cannot collect or assign other entities to collect." (*Id*. at 6.) Plaintiffs allege that Defendant committed mail fraud in violation of 18 U.S.C. § 1341 by mailing documents related to Plaintiffs' mortgage while Defendant allegedly was a suspended corporation. (*Id.*) Plaintiffs also allege a violation of various California statutes. (*Id*.)

On November 13, 2013, Defendant removed the action, asserting federal question jurisdiction based on the 18 U.S.C. § 1341 claim. (Notice of Removal at 3, Doc. 1.)

**II. Legal Standard**

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[1] The Court grants Defendant's request to take judicial notice of the Deed of Trust and the Corporate Assignment Deed of Trust (Req. for Judicial Notice, Ex. 2, Doc. 10-2), both of which are recorded documents relating to the Property. *See Joseph v. Bank of Am., N.A.*, SACV 13-150-JST (RNBx), 2013 WL 4045796, at *1 n.1 (C.D. Cal. Apr. 22, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  EDCV 13-2089-JLS (DTBx)                                       Date:  January 29, 2014
Title:  Melchor S. Pineda, et al. v. Mortgage Electronic Registration Systems, Inc.

R. Civ. P. 8(a)(2).  "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

### III. Discussion

Plaintiffs' sole federal claim is for mail fraud under 18 U.S.C. § 1341.  (Compl. at 1.)  However, section 1341 does not provide a private right of action.  *Ross v. Orange County Bar Ass'n*, 369 Fed. App'x 868, 869 (9th Cir. 2010).  Moreover, the claim appears to be premised on the Deed of Trust naming "Mortgage Electronic Registration System, Inc." as the beneficiary, and that that entity was at one point suspended.  (*See* Opp'n at 2.)  However, the recorded Deed of Trust and recorded Corporate Assignment Deed of Trust do not name "Mortgage Electronic Registration System, Inc."  (RJN Exs. 1, 2, Doc. 10.)  Instead, they name "Mortgage Electronic Registration System**s**, Inc."—

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: EDCV 13-2089-JLS (DTBx)          Date: January 29, 2014
Title: Melchor S. Pineda, et al. v. Mortgage Electronic Registration Systems, Inc.

the corporate name of Defendant. (*Id.*) Defendant disclaims any relationship to "Mortgage Electronic Registration System Inc." (Mot. at 3.)[2] Plaintiffs argue, without any support whatsoever, that the Deed of Trust actually names "Mortgage Electronic System, Inc.," (Opp'n at 2, 5), and that the recorded documents are incorrect. As the recorded documents contradict Plaintiffs' allegations in their Complaint, and Plaintiffs are unable to offer any evidence that the recorded documents are not accurate, leave to amend would be futile.[3] Accordingly the claim is DISMISSED WITH PREJUDICE.

      Having dismissed Plaintiffs' sole federal claim, the Court must decide whether, in its discretion, to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c). In making this determination, the Court weighs considerations of comity, judicial economy, fairness, and convenience. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (noting that "[i]n the usual case" these factors "will point toward declining jurisdiction over the remaining state-law claims" (citations omitted)). Here, comity weighs strongly in favor of remand, as Plaintiffs now proceed exclusively on state law claims. Judicial economy likewise favors remand, as the Court has not performed any substantive legal analysis of the state law claims. Finally, the Court finds that considerations of convenience and fairness do not weigh strongly for or against remand. Considering the four factors together, the Court finds remand appropriate and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Accord Harrell v. 20th Cent. Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (recognizing that "it is generally preferable for a district court to remand remaining pendent claims to state court").

---

[2] Defendant states that it was erroneously sued as "Mortgage Electronic Registration System, Inc." (Notice of Removal at 1.)

[3] Plaintiffs' Opposition cites a string of other federal statutes, with almost no explanation. (*See* Opp'n at 4.) None of these other statutes are mentioned in Plaintiffs' Complaint, almost none of the cited statutes provide a private right of action, and a claim under each would fail for the same reasons as the mail fraud claim.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  EDCV 13-2089-JLS (DTBx)                                    Date:  January 29, 2014

Title:  Melchor S. Pineda, et al. v. Mortgage Electronic Registration Systems, Inc.

**IV.  Conclusion**

     For the reasons stated above, Defendant's Motion is GRANTED IN PART. Plaintiffs' claim for violation of 18 U.S.C. § 1341 is DISMISSED WITH PREJUDICE. The case is REMANDED to the Superior Court of the County of Riverside, case number MVS1303720.

                                               Initials of Preparer:  tg